553 So.2d 199 (1989)
AMI ANCLOTE MANOR HOSPITAL, and James A. Baird, Jr., As Administrator of Ami Anclote Manor Hospital, Petitioners,
v.
STATE of Florida, ex rel. David WEBER, Joseph Fraser, Bob Blumenthal, Jerry Gonzales, Raymond H. Knight, Janice Vermillion, Jackie Everhart, Donna Macdonald, Tony Picchianti, Marybeth Brunstetter, Leonard Lazarus, Respondents.
No. 89-01237.
District Court of Appeal of Florida, Second District.
October 25, 1989.
Rehearing Denied December 14, 1989.
Paul M. Smith of Onek, Klein & Farr, Washington, D.C., and Robert V. Williams and Joseph S. Jackson of Taub & Williams, P.A., Tampa, for petitioners.
Barbara Ann Dell McPherson, St. Petersburg, for respondent, Dept. of Health and Rehabilitative Services.
James T. Russell, State Atty. and C. Marie King, Asst. State Atty., Clearwater, for respondent, State Atty. of the Sixth Judicial Circuit of Florida.
PER CURIAM.
The State Attorney and the Public Defender for the Sixth Judicial Circuit and the Department of Health and Rehabilitative Services (HRS) filed in the trial court a petition for writ of habeas corpus on behalf of eleven named patients at Anclote Manor Hospital. The petition, filed pursuant to section 394.459(10), Florida Statutes (1987), alleged that the patients had been unduly restrained while at Anclote and prevented from transferring to other facilities. Anclote filed a motion to dismiss and a motion to exclude counsel, both essentially arguing that the State Attorney, Public Defender, and HRS are not statutorily authorized to pursue this habeas corpus action on behalf of the patients. At the hearing on the motions, counsel for HRS conceded that none of the patients had authorized any of the respondents to bring the petition. The trial court denied the motions, finding that "[t]he State of Florida has a traditional duty to act in parens patriae as the ultimate guardian of its citizens who are incapable of caring for their own interests, including *200 the mentally ill," and "is a proper party in this action and has standing to bring this petition, and the State Attorney of this circuit has the authority and duty to represent the State of Florida, pursuant to the request of the Department of Health and Rehabilitative Services." The trial court further ordered an investigation of Anclote by the State Attorney, HRS, and the Advocacy Center for Persons with Disabilities, Inc., a nonprofit corporation designated by the Governor as the agency to represent the interests of mentally ill individuals.[1] Anclote then filed the present petition for writs of certiorari and prohibition, seeking review of the trial court's orders. We have treated the petition as one for certiorari, and for the reasons stated below, grant the petition, quash the trial court's orders, and remand with directions to dismiss the petition for writ of habeas corpus.
Section 394.459(10) provides:
(a) At any time, and without notice, a person detained by a facility, or a relative, friend, guardian, representative, or attorney on behalf of such person, may petition for a writ of habeas corpus to question the cause and legality of such detention and request that the circuit court issue a writ for release. Each patient admitted to a facility for involuntary placement shall receive a written notice of the right to petition for a writ of habeas corpus.
(b) A patient or his guardian or representative may file a petition in the circuit court in the county where the patient is hospitalized alleging that the patient is being unjustly denied a right or privilege granted herein or that a procedure authorized herein is being abused. Upon the filing of such a petition, the circuit court shall have the authority to conduct a judicial inquiry and to issue any appropriate order to correct an abuse of the provisions of this part.
Nothing in section 394.459(10) confers standing upon a State Attorney, Public Defender, or HRS to bring a petition for habeas corpus on behalf of a patient. Further, none of these state agents, in this case, fulfills the definition of a "relative, friend, guardian, representative, or attorney on behalf of such person." See §§ 394.455(15) and (16), Fla. Stat. (1987) (defining the terms "guardian" and "representative"). It is undisputed that none of the patients named in the petition consented to or even knew of this action brought on their behalf.
The respondents argue that while section 394.459(10) does not specifically authorize them to bring this habeas corpus petition, they are empowered to do so pursuant to the parens patriae doctrine. This doctrine, which literally translates to mean "parent of the country," originates from the presumption that "the state is the ultimate guardian of those of its citizens who are incapable of caring for their own interests," In re Beverly, 342 So.2d 481, 485 (Fla. 1977) (quoting Lynch v. Baxley, 386 F. Supp. 378, 390-91 (M.D.Ala. 1974)), and has been used traditionally "as a basis for state laws which protect the interests of minors, establish guardianships and provide for the involuntary commitment of the mentally ill." In re Beverly, 342 So.2d at 485.
The respondents' attempted use of this doctrine to bring this action has no foundation. When the legislature, acting pursuant to the state's parens patriae power, adopted Part I of the Florida Mental Health Act, see §§ 394.451-394.4785, Fla. Stat. (1987), it did not accord respondents the power to bring this action. See § 394.459(10), Fla. Stat. (1987). This does not mean that the legislature has not provided elsewhere for respondents to protect the interests of these patients or other similarly situated mentally ill citizens. For example, respondents have the authority, and the duty, under the Adult Protective Services Act, Chapter 415, Florida Statutes (1987), to respond to and protect the interests of disabled persons, including the mentally ill, where there have been reports of abuse, neglect, and exploitation, such as alleged in the present petition. Chapter 415 provides for a speedy investigation into such charges, as well as protective services *201 for the alleged victims of any abuse. See §§ 415.101-415.113, Fla. Stat. (1987).
Accordingly, we hold that respondents, in this case, do not have standing, under section 394.459(10), to bring a petition for writ of habeas corpus on behalf of the named patients. Therefore, the trial court's orders are quashed, and the case is remanded with instructions to dismiss the petition for writ of habeas corpus. This dismissal is without prejudice to the respondents seeking appropriate relief for these patients under chapter 415 or any other authorized avenue of redress.
RYDER, A.C.J., and DANAHY and ALTENBERND, JJ., concur.
NOTES
[1] See generally Ch. 87-130, Laws of Fla.; Exec. Order No. 87-151 (1987).